# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STEVE CARROLL, | ) | C.C.A. NO. 03C01-9611-CR-00420 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. LYNN BROWN, JUDGE |
| HOWARD CARLTON, WARDEN, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:

**STEVE CARROLL,** *pro se*
N.E.C.C. #256046
P.O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**DAVID CROCKETT**
District Attorney General
Route 19, Box 99
Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Steve Carroll, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. Petitioner argues four issues in this pro se appeal: (1) the indictments were defective in that they were not properly signed by the District Attorney; (2) the trial court erred in dismissing the petition before the State's response was filed; (3) the trial court erred in allowing different classes of offenses to be included in the same indictment; and (4) the trial court violated Tenn. Code Ann. § 29-21-108 in failing to grant the writ. We affirm the judgment of the trial court.

On June 21, 1995, the Petitioner was indicted by the Campbell County Grand Jury for one count of aggravated rape, two counts of aggravated sexual battery, three counts of aggravated child abuse, one count of rape of a child, one count of incest, and two counts of aggravated assault. Upon pleas of guilty, the Petitioner was convicted of two counts of aggravated child abuse and sentenced to ten years in prison.

On October 23, 1996, the Petitioner filed a petition for writ of habeas corpus relief in the Johnson County Criminal Court. He alleged that his convictions were void because the indictment did not contain the requisite signature of the district attorney. Before the State filed a response, the trial court dismissed the petition on October 29, 1996. The trial court concluded that the petition failed to state a claim upon which relief could be granted. After the Petitioner appealed the dismissal of his petition to this Court, the State filed a

motion to remand to the trial court for consideration of the issue raised by the Petitioner in his petition, which motion was granted on January 28, 1997. The trial court subsequently entered an order on March 25, 1997, dismissing the petition because a "defect in an indictment is a matter which must be addressed in the trial court and on direct appeal or by petition for post-conviction writ [sic] in the trial court. It is not grounds for habeas corpus. Such does not remove jurisdiction from any criminal court of this [S]tate." The Petitioner now brings this appeal of the trial court's dismissal of his petition for habeas corpus relief.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

I. Alleged Defective Indictments

Petitioner first argues that his convictions are void because each count of the indictment was not signed by the District Attorney General. Tennessee Code Annotated section 40-13-103 requires a district attorney to sign the charging document before it is sent to the grand jury. Our supreme court has also stated that no indictment should be sent to the grand jury "without the sanction and approbation of the solicitor-general, proved by his signature *on some part of the bill*." Fout v. State, 4 Tenn. (3 Hayw.) 98, 99 (1816) (emphasis added). Clearly a signature is required, but one is not necessarily required to be on each count of an indictment. In State v. Lockett, our supreme court explained, "It is not essential that the signature of the officer should be placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided it appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government, done through its sworn officer." 50 Tenn. (3 Heisk.) 274-75 (1871). The court also stated that it is not "absolutely necessary that the signature should be at the conclusion of the bill; but it must be on it, and must show that it is intended to cover all the counts contained therein." Id. at 275.

The District Attorney General in the instant case signed the second page of a two-page indictment. The counts in the indictment were consecutively numbered, starting on page one and continuing through page two. It can be logically reasoned that his signature was plainly intended to cover all the counts contained in the two-page indictment. We find no merit in this issue.

## II. Alleged Error in Dismissing Petition Before State Filed Response

The trial court dismissed the Petitioner's petition for habeas corpus relief before the State's response was filed because Petitioner had not shown that his conviction was void or that his term of imprisonment had expired. In Passarella, this Court held that if it is clear from the face of the petition that the petitioner is not entitled to relief, then the trial court is not required to hold a hearing or inquire into the allegations in the petition, but may dismiss the petition summarily. 891 S.W.2d at 627. Petitioner's allegations in the instant case, if meritorious, would render his conviction voidable rather than void, thus making the issues inappropriate for habeas corpus relief. Therefore, the trial court had the authority to summarily dismiss the petition. This issue is without merit.

### III. Alleged Error in Allowing Different Classes of Offenses in Same Indictment

Petitioner argues that the Campbell County Criminal Court erred in placing different classes of offenses in the same indictment. This Court finds that this issue is not appropriate for habeas corpus review because even if the issue had merit, the conviction would not be void but merely voidable. See Passarella, 891 S.W.2d at 627.

Rule 14 of the Tennessee Rules of Criminal Procedure provides for severance of offenses in appropriate cases. It provides that a defendant's motion for severance of offenses must be made before trial unless it is based on a ground not known prior to trial. In this case, Petitioner pled guilty to two of the offenses in the indictment. Not only is the issue waived by failure to file a motion for severance prior to the guilty plea, we see absolutely no prejudice to Defendant if consolidation of the offenses in one indictment was improper due to the fact

that Petitioner pled guilty to only two of the multiple offenses in the indictment. This issue is without merit.

### IV. Alleged Failure of Trial Court in Refusing to Entertain Petitioner's Petition

In his final issue, Petitioner alleges again that his conviction was void, and that it was therefore unconstitutional for the trial court to not entertain his petition. He also argues that the trial court's dismissal of his petition was arbitrary, callous and made with deliberate indifference as to his rights. In support of his argument that it was unconstitutional, Petitioner cites Rule 58 of the Tennessee Rules of Civil Procedure. However, this rule applies to proper entry of judgments with notice given to the parties. Therefore, this rule is inapplicable to the issues and case at bar.

Regarding Petitioner's argument that his conviction is void, this issue has been reviewed above and decided against the Petitioner. Furthermore, we do not find the actions of the trial court to be arbitrary or "callous." The trial court was justified in dismissing Petitioner's petition, as his conviction was not void and his sentence had not expired. This issue is without merit.

Finding no merit in the issues raised by Petitioner, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge